IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GUIDEONE MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § § | |
| FIRST UNITED METHODIST CHURCH OF HEREFORD | § § § § | |
| Defendant. | § § | |

**ORIGINAL COMPLAINT AND REQUEST FOR**
**DECLARATORY JUDGMENT SETTING ASIDE APPRAISAL AWARD**

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW Plaintiff, GuideOne Mutual Insurance Company, and in support of its Original Complaint and Request for Declaratory Judgment, states the following:

**I.**
**PARTIES**

1. Plaintiff GuideOne Mutual Insurance Company ("GuideOne") is an insurance company authorized to do business in the State of Texas. Under 28 U.S.C. §1332 (c)(1), GuideOne is a citizen of the State of Iowa, because it is incorporated in Iowa and has its principal place of business in West Des Moines, Iowa.

2. Under 28 U.S.C. §1332 (c)(1), Defendant First United Methodist Church of Hereford ("First United") is a citizen of the State of Texas, because on all dates material to this action, First United was an corporation organized pursuant to the laws of the State of Texas, with its place of business in Texas at 511 Main St., Hereford, TX 79045. First United may be served

by serving its Registered Agent, Michelle Brisendine, 501 North Main Street, Hereford, Texas 79045.

## II.
## JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This action is brought for the purpose of determining a real, substantial, and justiciable controversy between the parties concerning the rights and responsibilities of the parties with respect to certain contracts of insurance.

## III.
## VENUE

5. Under 28 U.S.C. §1391, venue is proper in the United States District Court for the Northern District of Texas, Amarillo Division, because the contract between the parties was delivered, the policyholder resides, and the losses complained of for which recovery is sought from the insurance policy in question all took place within this district.

## IV.
## FACTS

6. GuideOne issued a commercial policy of insurance to Defendant First United, policy number 1432-879 ("the Policy"). A copy of the Policy is attached as Exhibit 1.

7. The Policy's effective dates were 10/20/2016 to 10/20/2017. The Policy was amended 03/13/2017.

8. The Policy was intended to provide coverage according to its agreed terms.

9. On June 20, 2017, Defendant made a claim on the policy for property damage caused by hail.

10. GuideOne timely investigated the claim and ultimately paid $221,259.20 (actual cash value) for covered damages on three buildings.

11. After accepting the payments, First United represented to GuideOne that they would be making repairs and would submit verification for the recoverable depreciation amounts.

12. Subsequently, on December 8, 2017, GuideOne received notice that First United was now represented by a public adjuster, Public Claims Adjusters, Inc.

13. On January 9, 2018, GuideOne contacted the public adjuster requesting an update on the repairs. On January 24, 2018, the public adjuster firm responded:

> "Sorry for the delay, we have a new PA assigned and handling the file who's working with the church and contractor. I will send over their contact info on who's the rep now handling the case directly."

14. On February 2, 2018, GuideOne again contacted the public adjuster requesting an update on the repairs. The public adjuster firm responded:

> "No repairs have or will be starting anytime, probably for the next 3-4 months. We are working with the insured and contractor on price and scope errors on the adjusters estimate and will be in touch soon."

15. GuideOne then received a fax on February 14, 2018, stating that First United disputed the value of the loss and sought to invoke the appraisal clause. However, no information was provided as to what First United believed was the value of the loss.

16. On March 9, 2018, GuideOne responded to the demand for appraisal requesting that First United first comply with the preliminary Policy provisions. Namely, provide a sworn proof of loss with estimates for the damages being claimed. The requested information was never received.

17.     On March 19, 2018, GuideOne sent follow up correspondence again requesting a proof of loss.

18.     On March 28, 2018, GuideOne received correspondence from the public adjuster firm stating:

> "The contractor Trigg Construction sent you an estimate back in Sept 2017 for roughly $550,000 and you didn't pay it. Would you like to settle the clam with a global release in the range of $ 600,000 - 700,000 to close this out? There's a lot of missing items that are associated with this massive repair to the entire complex. Just the OSHA, Cranes, mobilities, supervision and Federal Safety requirements alone is a significant amount of money, let alone the missing overhead and profit not included in the estimate(s). These two items represent a fraction of repairs missing and needed on this claim. Let me know your thoughts so we can figure this out quickly, if not we genuinely have a large disagreement on the scope and total amount of the claim."

19.     But in fact, GuideOne never received an estimate from Trigg Construction or any damages estimate on behalf of First United. This was the first mention of any information regarding what First United alleged believed was the amount of loss.

20.     Then on April 6, 2018, GuideOne received a copy of correspondence sent to Mr. Todd Bilbrey stating that he was the court appointed umpire for appraisal. Further, that First United had appointed its appraiser but that "no appraiser was appointed by insurer despite request to do so." See attached Exhibit 2.

21.     A copy of the signed court order was the first notice that GuideOne received that First United was seeking appointment of an umpire from a court. GuideOne never received any notice from First United that it had a filed a motion with a court involving this matter. Notice was only provided to GuideOne after an order had been signed.

22.     In abundance of caution and in order to comply with the court's order, GuideOne designated its appraiser Ronald Moe.

23.     An appraisal award was issued on July 18, 2018 in the amount of $731,640.25.

24. GuideOne's appraiser did not agree with and did not sign the "Appraisal Award"

25. The appraisal award should be set aside because it was not made in substantial compliance with the terms of the contract.

### **COUNT I - Declaratory Judgment Setting Aside Appraisal Award**

26. GuideOne incorporates by reference paragraphs 1-25 as through fully set forth here.

27. An actual controversy has arisen between Plaintiff and Defendant with respect to whether the appraisal award, which sets the amount of damages under the insurance contract, was issued in compliance with the terms of the contract. Further, Plaintiff has no other adequate remedy at law.

28. If an appraisal award is flawed it can be remedied by disregarding it. *State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 895 (Tex. 2009). Texas courts recognize three situations where the results of an otherwise binding appraisal may be disregarded: (1) when the award was made without authority; (2) when the award was the result of fraud, accident or mistake; or (3) when the award was not made in substantial compliance with the terms of the contract. *Hennessey v. Vanguard Ins. Co.*, 895 S.W.2d 794, 798 (Tex. App. 1995), writ denied (Aug. 1, 1995).

29. The appraisal award issued in this matter was not made in substantial compliance with the terms of the contract and should be set aside.

30. The relevant language in the Policy states the following:

**Appraisal**

If we and you disagree on the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree

within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss.

31.  The appraisal award does not comply with the terms of the contract because, despite requests, Defendant First United failed to prove a proof of loss or other evidence showing that the parties disagreed on the amount of loss. The appraisal was premature since Defendant First United failed to inform GuideOne what they believed was the amount of the loss.

32.  The appraisal award does not comply with the terms of the contract because the appointment of an umpire was premature. The appraisal clause dictates that the two appraisers will select an umpire. The request for appraisal was premature so an appraiser was not appointed by GuideOne. Defendant First United ignored the policy provision and unilaterally acted to have an umpire appointed by a court.

33.  The appraisal award does not comply with the terms of the contact because the umpire made decisions and issued an award that went beyond the scope of the differences. Under the terms of the contact the umpire is to make a determination regarding the differences between the appraisers. Here the umpire simply did his own appraisal of the entire loss.

34.  Pursuant to 28 U.S.C. §2201, *et seq.*, Plaintiff GuideOne asks that this award be set aside and for a declaration that this appraisal award is void and not binding as to the amount of damages in this claim.

**WHEREFORE**, relying upon all of the facts outlined above, GuideOne respectfully requests a declaratory judgment as follows:

A.  A declaration that the appraisal award was not made in substantial compliance with the terms of the contract;

B.    Therefore the award is set aside and void;

C.    And any other such relief as this Court may deem proper and just.

            Respectfully submitted,

            *s/ Elizabeth R. Flora*
            Elizabeth R. Flora
            Texas State Bar No. 24036572
            eflora@guideone.law
            GuideOne Insurance Company - Litigation Department
            PO Box 14503
            Des Moines, IA 50306
            Phone: 972-851-1031
            Fax: 515-267-5431
            Attorney for Plaintiff