IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GUIDEONE MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, Counter-Defendant, | § § | |
| v. | § § | |
| FIRST UNITED METHODIST CHURCH OF HEREFORD, | § § | 2:18-CV-00140-D-BR |
| Defendant, Counter-Plaintiff, and Third-Party Plaintiff, | § § § | |
| v. | § § | |
| SUNNI DENISE BOENKER, Individually and as d/b/a Boenker & Wheelwright Insurance, | § § § § | |
| Third-Party Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO GRANT THIRD-PARTY DEFENDANT'S MOTION TO DISMISS**

Before the Court is third-party Defendant Sunni Denise Boenker's, Individually and as d/b/a Boenker & Wheelwright Insurance ("Boenker"), Motion to Dismiss Third-Party Plaintiff First United Methodist Church of Hereford's ("FUMC") Third-Party Complaint [ECF 25]. The undersigned recommends that the Motion be GRANTED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Counter-Defendant, and third-party Plaintiff GuideOne Insurance Company ("GuideOne") is an insurance carrier, and Defendant and Counter-Plaintiff FUMC is its insured. GuideOne filed its complaint seeking a declaratory judgment to set aside what it claims is an improper appraisal award. FUMC denied GuideOne's claims and filed various counterclaims

against GuideOne, as well as third-party claims against Boenker ("the complaint"). FUMC pleaded the following against Boenker[1]:

>   Count 1: Vicarious liability;
>
>   Count 3: Breach of the duty of good faith and fair dealing;
>
>   Count 4: Violations of the Deceptive Trade Practices Act ("DTPA");
>
>   Count 6: Unfair insurance practices;
>
>   Count 7: Negligent misrepresentation;
>
>   Count 8: Fraud;
>
>   Count 9: Conspiracy; and
>
>   Count 10: Declaratory judgment and enforcement of umpire's appraisal award.

[ECF 11].

Specifically, FUMC claims Boenker represented that GuideOne was a "reputable company that would honor and properly pay claims submitted for covered losses incurred under the insurance policy." [ECF 11 at 3]. FUMC states it relied on this representation and purchased a GuideOne insurance policy through Boenker. *Id*. FUMC filed a claim with GuideOne after a storm damaged its property on April 14, 2017, and later invoked appraisal to determine the amount of loss. [ECF 11 at 3–4]. FUMC claims a binding umpire's appraisal award was issued on July 19, 2018, but GuideOne and Boenker have engaged in and continue to engage in bad faith actions and stall tactics to avoid paying the award. [ECF 11 at 5].

Boenker moves to dismiss FUMC's claims against her under Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure and argues FUMC's claims are conclusory allegations without any factual and/or legal basis. Boenker claims her only involvement in the underlying

---

[1] FUMC also pleaded several claims against GuideOne only (Counts 2, 5, and 9) that are not addressed in this FCR.

dispute was procuring the GuideOne policy at issue at FUMC's request. [ECF 25 at 2]. She claims she was not involved in the claim adjustment process, the appraisal process, or GuideOne's decision not to pay the umpire's appraisal award. *Id.* FUMC did not respond to Boenker's Motion to Dismiss.

## II.    STANDARD OF REVIEW

Rule 12(b)(6) provides that a defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion to dismiss, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "However, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' " *Ruiz v. Brennan*, 851 F.3d 464, n.5 (5th Cir. 2017) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 555-56, "Factual allegations must be enough to raise a right to relief above the speculative level . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."[2] *Id.* at 678.

### III.    ANALYSIS

**A.  Vicarious Liability.**

Boenker moves to dismiss FUMC's vicarious liability claims arguing FUMC has failed to allege that Boenker is vicariously liable for GuideOne's alleged conduct through apparent agency or agency. [ECF 25 at 4]. FUMC's complaint purports to allege vicarious liability against "all defendants." [ECF 11 at 14]. "[A]gency is the consensual relationship between two parties when one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control." *Davidson v. AT&T Mobility, LLC*, No. 3:17-CV-0006-D, 2018 WL 4075722, at *3 (N.D. Tex. Aug. 27, 2018) (Fitzwater, J.) (internal quotation and citation omitted). "If an agency relationship exists, a principal is liable for the acts of its agent when the agent has actual or apparent authority to do those acts or when the principal ratifies those acts." *Id.* (internal quotation and citation omitted). "Actual authority arises when the principal intentionally confers authority upon an agent, or intentionally allows the agent to believe he has authority, or, by want of due care, allows the agent to believe himself to possess authority." *Id.* (internal quotation and citation omitted). Apparent authority arises when a principal's conduct would lead a reasonably prudent person to believe that the agent possessed the authority to act on behalf of the principal. *Id.* (internal quotation and citation omitted).

In this scenario, FUMC attempts to hold Boenker vicariously liable for the alleged bad acts of GuideOne, the insurer. To do so, FUMC would have to plead that the insurance broker selling

---

[2] Pursuant to Local Rule 7.1 of the Northern District of Texas, FUMC's failure to respond can be construed as a representation of no opposition. *See Irigoyen Mendoza v. Texas Dep't of Family & Protective Servs.*, No. 2:18-CV-10-D, 2018 WL 6705997, at *2 (N.D. Tex. Nov. 6, 2018), *report and recommendation adopted*, No. 2:18-CV-010-D, 2018 WL 6696476 (N.D. Tex. Dec. 20, 2018).

4

the policy, Boenker, was the principal of GuideOne, the insurance company. Because FUMC does not assert either that Boenker was GuideOne's principal or that GuideOne was an agent of Boenker, FUMC's complaint contains no assertions that Boenker could be held vicariously liable for GuideOne's alleged actions. *See Davis v. State Farm Lloyds*, No. 3:15–CV–0596–B, 2015 WL 4475860, at *6 (N.D. Tex. July 21, 2015) (Boyle, J.). The undersigned recommends FUMC's claim of vicarious liability against Boenker be dismissed.

### B.  Breach of the Duty of Good Faith and Fair Dealing.

Boenker moves to dismiss FUMC's breach of the duty of good faith and fair dealing claims arguing FUMC failed to plead facts that show Boenker owed such a duty, and regardless, the duty only applies between insurance carriers and their insureds. [ECF 25 at 4–5]. FUMC's complaint alleges that Boenker breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate FUMC's claims when Boenker knew or should have known, by the exercise of reasonable diligence, that liability was reasonably clear. [ECF 11 at 16].

An insurer has a duty to deal fairly and in good faith with an insured in processing and paying claims. *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F. Supp. 2d 801, 806 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). The duty arises from the inherent imbalance of power between the insurer and the insured. *Id*. "[A]n insurer breaches its common law duty of good faith and fair dealing by denying or delaying payment of a claim if the insurer knew or should have known it was reasonably clear the claim was covered." *Id*. (quoting *JM Walker LLC v. Acadia Ins. Co.*, 356 Fed. Appx. 744, 747 (5th Cir. 2009) (per curiam)). "Within the duty of good faith is an insurer's obligation to conduct an adequate investigation of the claim." *Vought Aircraft Indus., Inc. v. Falvey Cargo Underwriting*,

*LTD.*, 729 F. Supp. 2d 814, 839 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *United Servs. Auto. Ass'n v. Croft*, 175 S.W.3d 457, 469 (Tex. App.—Dallas 2005, no pet.)).

Under Texas law, "the duty of good faith and fair dealing applies in limited circumstances involving a special relationship between the parties, such as between insurers and insureds, principal and agent, joint venturers, and partners." *Holloway v. Wells Fargo Bank, N.A.*, No. 3:12–CV–2184–GBH, 2013 WL 1187156, at *20 (N.D. Tex. Feb. 26, 2013), *report and recommendation adopted*, No. 3:12–CV–2184–GBH, 2013 WL 1189215 (N.D. Tex. Mar. 22, 2013) (internal quotations and citation omitted). "The Texas Supreme Court has held that insurance agents who are not parties to the insurance contract or in privity with the insured do not owe a duty of good faith and fair dealing to the insured." *Lowe v. Whitehead Cargo Consultants LLC*, No. 4:09-CV-3570, 2011 WL 221871, at *3 (S.D. Tex. Jan. 20, 2011) (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697–98 (Tex. 1994)). "Since insurance agents and brokers are not contracting parties with the insured, there is no 'special relationship' giving rise to a duty of good faith and fair dealing." *Id.* (citing *Natividad*, 875 S.W.2d at 698).

FUMC's complaint lists GuideOne as the insurance carrier and Boenker as the "producer" of the insurance policy. [ECF 11-1 at 3]. Boenker claims her only involvement in this matter was to "procure" the GuideOne insurance policy for FUMC. [ECF 25 at 2]. Nothing in the policy, attached to FUMC's complaint, indicates Boenker is a party to the insurance policy. [ECF 11-1 at 1–52]. Because FUMC failed to plead facts showing Boenker is a party to the contract (the insurance policy), FUMC has not pleaded facts showing a special relationship exists between Boenker and FUMC that would give rise to a duty of good faith and fair dealing on Boenker's part. *See Lowe*, No. 4:09-CV-3570, 2011 WL 221871, at *3 (third-party defendant merely "produced" and "issued" the insurance policy, and thus, was not a party to the contract who owed the insured

a duty of good faith and fair dealing). The undersigned recommends FUMC's claim of breach of the duty of good faith and fair dealing against Boenker be dismissed.

### C. Violations of the DTPA and Chapter 541 of the Texas Insurance Code.

Boenker moves to dismiss FUMC's DTPA and Insurance Code claims arguing FUMC failed to allege any actionable conduct by Boenker and makes only conclusory allegations of misrepresentations. [ECF 25 at 5–7].

Texas courts recognize a cause of action under the DTPA and Insurance Code against an insurance agent when that agent engages in unfair or deceptive acts. *Davis*, No. 3:15-CV-596-B, 2015 WL 4475860, at *5 (internal quotation and citation omitted); *see Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "However, liability is imposed only 'when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages.' " *Id.* (citing *Griggs*, 181 F.3d at 701 (concluding that an agent's statements that plaintiff's claims would be handled professionally were "more in the nature of non-actionable puffery than actionable representations of specific material fact.")). "[V]ague references to…alleged statements that [the plaintiff is] 'adequately insured' and 'covered by [the] peril' that affected [the] property do not constitute the actionable misrepresentations of material facts required to establish a DTPA claim, but are rather more akin to the 'non-actionable puffery.' " *Id.* (citing *Griggs*, 181 F.3d at 701); *Carswell v. State Farm Lloyds*, No. 4:17-CV-149-A, 2017 WL 6054939, at *2 (N.D. Tex. Dec. 6, 2017) ("Of course, general assurances that a policy will be honored are not material misrepresentations under the Insurance Code.").

In support of its claims, FUMC quotes and recites excerpts from the DTPA and Insurance Code and other boilerplate language. [*See* ECF 11 at 17, 19–21]. These legal conclusions and

boilerplate recitations of statutory language are insufficient to state a claim under either the DTPA or the Insurance Code. *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *4 (N.D. Tex. Apr. 5, 2016).

FUMC's complaint identifies only a few vague representations allegedly made by Boenker to FUMC: (1) GuideOne was a reputable company that would honor and properly pay covered claims [ECF 11 at 3]; (2) FUMC was adequately insured [ECF 11 at 10]; (3) GuideOne would comply with its policy [*Id.*]; and (4) FUMC was covered for damages caused by hail and/or windstorms [ECF 11 at 11]. These allegations do not constitute actionable misrepresentations of material facts under the DTPA or the Insurance Code because even if the alleged statements and misrepresentations were made, they are nothing more than general assurances and non-actionable puffery. *See Davis*, No. 3:15-CV-596-B, 2015 WL 4475860, at *5; *Griggs*, 181 F.3d at 701. The undersigned recommends FUMC's DTPA and Insurance Code claims against Boenker be dismissed.

### D.  Negligent Misrepresentation.

Boenker moves to dismiss FUMC's negligent misrepresentation claims arguing FUMC alleges only blanket assertions insufficient to state a claim. [ECF 25 at 7–8]. Boenker claims the complaint fails to identify specific misrepresentations and how any actionable misrepresentation proximately caused FUMC's injuries. [*Id.*]. The only four representations FUMC claims Boenker made, as stated above, are representations that GuideOne is a reputable company that will comply with its policy and pay covered claims, that FUMC was adequately insured, and that FUMC was covered for damages caused by hail and/or windstorms.

"To state a claim for negligent misrepresentation, a plaintiff must establish that (1) the defendant made a representation in the course of his business, or in a transaction in which he has

a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Davis*, No. 3:15-CV-596-B, 2015 WL 4475860, at *4 (citing *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). The alleged negligent misrepresentation must be a "misstatement of fact," not merely a promise of future conduct. *Id.* (internal quotation and citations omitted).

FUMC's allegations are conclusory and lack sufficient factual support to state a claim for negligent misrepresentation. Boenker's alleged representations that GuideOne is a reputable company that will comply with its policy and pay covered claims are merely statements or promises of future conduct. Even if actually made, these statements do not amount to negligent misrepresentation. *See id.* With respect to the alleged statement that FUMC was "adequately insured," FUMC's complaint does not explain whether this statement was a misrepresentation, how the statement relates to the damaged property or the claims process, or even whether and how FUMC relied on the alleged statement. With respect to the alleged statement that FUMC is covered for damages caused by hail and/or windstorms, FUMC's complaint fails to allege specific facts that explain what was misrepresented and whether and how FUMC relied on the alleged statement. FUMC's complaint actually indicates that coverage is undisputed, at least in part. FUMC's complaint states multiple times that GuideOne admitted the insured property suffered covered damage [ECF 11 at 6, 8, 11] and further states that appraisal was invoked to determine the amount of covered loss. [ECF 11 at 4].

FUMC's negligent misrepresentation claims are conclusory and lack facts sufficient to state such a claim. The undersigned recommends FUMC's negligent misrepresentation claims against Boenker be dismissed.

### E.  Fraud.

Boenker moves to dismiss FUMC's fraud claims arguing FUMC's allegations of fraud are conclusory and lack the requisite specificity under Rule 9(b). [ECF 25 at 10–11]. FUMC's complaint briefly addresses fraud and does not identify any misrepresentations beyond the alleged representations discussed above in Sections III.C. and D. Rather, FUMC merely recites the elements of fraud. [ECF 11 at 22]. The only factual allegations that could be used to support FUMC's fraud claims against Boenker are the alleged representations that FUMC was "adequately insured" and that it was covered for damages caused by hail and/or windstorms.

"The elements of a fraud claim under Texas law are: '(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury.' " *Davis*, No. 3:15-CV-596-B, 2015 WL 4475860, at *5 (quoting *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010)). The heightened pleading requirements of Rule 9(b) apply to FUMC's fraud claims. "The Fifth Circuit interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Garcia v. Roy's Trucks & Equipment, Inc.*, No. 3:17-CV-0950-C, 2017 WL 10606392, at *1 (N. D. Tex. June 1, 2017) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008)).

FUMC failed to plead its fraud claims with the level of specificity Rule 9(b) requires. *See Davis*, No. 3:15-CV-596-B, 2015 WL 4475860, at *5. The undersigned recommends FUMC's fraud claims against Boenker be dismissed.

### F.  Conspiracy.

Boenker moves to dismiss FUMC's conspiracy claims arguing FUMC's allegations of conspiracy are conclusory, as are its allegations of an underlying tort. [ECF 25 at 8–9]. Under Texas law, a civil conspiracy is the "combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means." *Id.* (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (internal quotation omitted)). "A defendant's liability for civil conspiracy 'is derivative of an underlying tort; without independent tortious conduct, there is no actionable civil conspiracy claim.'" *Id.* (quoting *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 709–10 (5th Cir. 2009)). FUMC's conspiracy claims fail because FUMC failed to plead facts sufficient to state a claim for an underlying tort.

Even assuming FUMC pleaded facts to support an underlying tort, FUMC pleaded no facts to support its conspiracy claims against Boenker. FUMC merely makes a conclusory allegation that "Defendants have…engaged in fraudulent stall tactics and delays." [ECF 11 at 5]. Although FUMC claims GuideOne and Boenker conspired regarding the handling of FUMC's claim, FUMC failed to plead facts showing how Boenker was involved in the claims handling process. The undersigned recommends FUMC's conspiracy claims against Boenker be dismissed.

### G.  Declaratory Relief.

Boenker moves to dismiss FUMC's claim for declaratory relief against Boenker because Boenker is not a party to the insurance policy and was not involved in the adjustment or appraisal process. [ECF 25 at 9–10]. FUMC's complaint requests declaratory relief under the Texas

Declaratory Judgment Act, codified in §§ 37.001–37.011 of the Texas Civil Practice & Remedies Code, with regard to the insurance policy. [ECF 11 at 23].

"Because the Texas Declaratory Judgment Act is procedural in nature, it does not govern a declaratory-judgment action in federal court." *Wells Fargo Bank, N.A. v. American General Life Ins. Co.*, 670 F. Supp. 2d 555, 565 (N.D. Tex. 2009) (internal citation omitted). "Instead, under the Erie doctrine, federal courts apply federal procedural law, including the federal Declaratory Judgment Act." *Id.* (internal citation omitted). The federal act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201.

"The Declaratory Judgment Act is designed to afford parties, threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy." *Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990). "Since it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action." *Id.* at 171.

FUMC requests declaratory relief and seeks declarations that Boenker committed various violations of the insurance policy's terms. [ECF 11 at 24]. In other words, FUMC seeks a declaratory judgment that Boenker breached the insurance policy. Thus, breach of contract is the underlying cause of action in FUMC's declaratory judgment action. However, FUMC's complaint contains no facts indicating Boenker is a party to the insurance policy. As previously noted, the policy is attached to FUMC's complaint and does not indicate Boenker is a party to the insurance

policy. [ECF 11-1 at 1–52]. Notably, FUMC pleaded breach of contract, but only against GuideOne. [ECF 11 at 15–16]. FUMC has failed to show Boenker is a proper party to its declaratory judgment action because FUMC has not shown it could have sued Boenker for breach of contract, the underlying cause of action. *See Collin Cnty.*, 915 F.2d at 171. The undersigned recommends FUMC's claims for declaratory relief against Boenker be dismissed.

## V.    <u>RECOMMENDATION</u>

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that Boenker's Motion to Dismiss Third-Party Plaintiff First United Methodist Church of Hereford's Third-Party Complaint [ECF 25] be GRANTED.

With respect to FUMC's claims, Counts 1, 4, 6, 7, 8, and 9, against Boenker, the Court finds the identified deficiencies can potentially be cured through amendment. The undersigned recommends these claims be dismissed without prejudice.

With respect to FUMC's claims, Counts 3 and 10, against Boenker, the Court finds the deficiencies cannot be cured through amendment. The insurance policy at issue is attached to FUMC's complaint and does not show Boenker is a party to the contract (insurance policy). The undersigned recommends these claims be dismissed with prejudice.

As to the claims the Court found factually insufficient, but potentially curable through amendment (Counts 1, 4, 6, 7, 8, and 9), FUMC may either: (1) use the 14-day period for filing objections to file its First Amended Third-Party Complaint, in which case the undersigned will withdraw these Findings, Conclusions, and Recommendation, or (2) file objections to these Findings, Conclusions, and Recommendation. If FUMC does not file a First Amended Third-Party Complaint within the 14-day period for filing objections, Boenker may object to these Findings, Conclusions, and Recommendation within the same 14-day period.

## VI.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 27, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).