IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GUIDEONE MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff and Counter-Defendant, | § § | |
| v. | § § | |
| FIRST UNITED METHODIST CHURCH OF HEREFORD, | § § § § | 2:18-CV-140-Z-BR |
| Defendant and Counter-Plaintiff. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY
FIRST UNITED METHODIST CHURCH OF HEREFORD'S MOTION TO DISMISS**

Before the Court is First United Methodist Church of Hereford's ("FUMC") Motion to Dismiss GuideOne Insurance Company's ("GuideOne") First Amended Complaint (the "Amended Complaint"). (ECF 33). The undersigned recommends the Motion be DENIED.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Counter-Defendant GuideOne is an insurance carrier. Defendant and Counter-Plaintiff FUMC is its insured. On June 20, 2017, FUMC made a claim on the policy issued by GuideOne for property damage caused by hail. (ECF 31 at 3). GuideOne tendered $221,259.20 for covered damages, which FUMC accepted. (*Id*.). On February 14, 2018, GuideOne received notice that FUMC disputed the value of the loss and sought to invoke appraisal under its policy with GuideOne. (*Id*. at 4). In response to the demand for appraisal, GuideOne requested a sworn proof of loss with a damage estimate, as required by the policy. (*Id*.). GuideOne claims it received no such information until March 28, 2018. (*See id*.). On March 28, 2018, the public adjuster firm representing FUMC claimed it sent GuideOne a damage estimate in September 2017. (*Id*.). In its correspondence to GuideOne, the public adjuster firm included some information regarding

FUMC's damage estimate. (*Id.*). According to GuideOne, since this was the first information GuideOne received regarding the amount of loss, it had not yet disagreed with FUMC's stated amount of loss. (*Id.*).

Subsequently, FUMC requested that the 222nd Judicial District Court of Deaf Smith County appoint an umpire as to the property damage dispute. (*See id.* at 5). On April 3, 2018, the state-court judge appointed Todd Bilbrey ("Bilbrey") to serve as umpire, pursuant to the terms of the insurance policy. (*See id.*; ECF 33-1 at 2). GuideOne did not receive notice from FUMC that any action or motion was filed with a court seeking the appointment of an umpire until after the state court order was signed. (ECF 31 at 5). After the state court order was signed, GuideOne appointed an appraiser. (*Id.*). Bilbrey subsequently issued an appraisal award on July 18, 2018, which GuideOne's appraiser did not agree with or sign, and submitted an invoice for his services that included his charge for 1.25% of the award. (*Id.*). GuideOne filed this action on July 27, 2018. (*See* ECF 1).

GuideOne's Amended Complaint requests: (1) a declaration that the appraisal award does not comply with the policy; (2) entry of an Order striking Bilbrey as umpire; and (3) entry of an Order setting aside the appraisal award. (*See* ECF 31 at 6–8). Specifically, GuideOne claims the appraisal award does not substantially comply with the terms of the policy because: (1) FUMC invoked appraisal before the parties disagreed on the amount of loss in violation of the policy's terms; (2) appointment of an umpire was premature because the policy provides an umpire may not be appointed until the parties' appraisers fail to agree on an umpire within 15 days, and GuideOne had not even appointed an appraiser when the umpire was appointed; (3) Bilbrey made decisions and issued an award that went beyond the scope of the parties' differences; and (4)

Bilbrey had a direct financial interest in the outcome of the appraisal process and, therefore, was not a competent and impartial appraiser. (*See id*. at 7).

FUMC seeks dismissal of GuideOne's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, pursuant to the *Rooker-Feldman* doctrine, FUMC seeks to dismiss GuideOne's Amended Complaint: (1) under Rule 12(b)(1) because GuideOne's requests that the Court remove Bilbrey as umpire and vacate his appraisal award are impermissible collateral attacks of a final state-court judgment, over which this Court lacks subject matter jurisdiction; and (2) under Rule 12(b)(6) because the Amended Complaint fails to state a claim for which relief can be granted. (ECF 33 at 3).

## II. STANDARD OF REVIEW

Rule 12(b)(1) provides that a defendant may file a motion to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In deciding a Rule 12(b)(1) motion to dismiss, the Court may consider:

  (1) the complaint alone;

  (2) the complaint supplemented by undisputed facts; or

  (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*King v. U.S. Dept. of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of

proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

Rule 12(b)(6) provides that a defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion to dismiss, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "However, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' " *Ruiz v. Brennan*, 851 F.3d 464, n.5 (5th Cir. 2017) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 555–56, "Factual allegations must be enough to raise a right to relief above the speculative level . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

4

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*. (citations omitted).

The *Rooker-Feldman* doctrine states federal district courts lack subject matter jurisdiction over lawsuits that seek to "overturn" a state-court ruling. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The doctrine consists of four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 382 (5th Cir. 2017) (internal quotation omitted) (citing *Exxon*, 544 U.S. at 284).

### III.   ANALYSIS

The Court first considers whether GuideOne's Amended Complaint should be dismissed pursuant to Rule 12(b)(1) and the *Rooker-Feldman* doctrine. The parties dispute whether GuideOne's Amended Complaint is a collateral attack on the state court's order appointing Bilbrey. GuideOne is the party asserting jurisdiction and thus bears the burden of proof in the Court's Rule 12(b)(1) analysis. *See Ballew*, 668 F.3d at 781.

"One hallmark of the *Rooker–Feldman* inquiry is what the federal court is being asked to review and reject." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (citing *Exxon*, 544 U.S. at 284). "[T]he rule does not prohibit a district court from reviewing non-state-court

decisions." *See id*. GuideOne's Amended Complaint requests the following relief: (1) a declaration that the appraisal award does not comply with the policy; (2) entry of an Order striking Bilbrey as umpire; and (3) entry of an Order setting aside the appraisal award. (ECF 31 at 8). As GuideOne points out in its response, the Amended Complaint primarily requests review and rejection of the appraisal award, which is not a state-court order. (*See* ECF 37 at 10, 13). Further, Texas law allows a court to set aside an appraisal award when the award was not made in compliance with the requirements of the policy. *See Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 258 (5th Cir. 2017).

GuideOne's Amended Complaint does not directly request review and rejection of the state court's order appointing Bilbrey as umpire. To the extent GuideOne's Amended Complaint requests relief inconsistent with the state-court order appointing Bilbrey, the undersigned finds the *Rooker-Feldman* doctrine is inapplicable because the state-court order is not a "final judgment," and GuideOne was not a party to the state court proceeding. The *Rooker-Feldman* doctrine applies only to final judgments. *See Burciaga* 871 F.3d at 384. The undersigned has previously considered whether a state-court order appointing umpire is a "final judgment." *See Nova Casualty Co., Ltd., v. Cattle Town Feeders, Ltd.*, No. 2:17-CV-122-DBR, 2019 WL 2539207, at *3 (N.D. Tex. Mar. 29, 2019), *adopted by* No. 2:17-CV-122-ZBR, 2019 WL 5256864 (N.D. Tex. Oct. 15, 2019). "To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy." *Id*. (quoting *Burciaga*, 871 F.3d at 385). As GuideOne correctly notes, the state-court order did not determine liability under the policy, did not determine what the policy required, and did not determine the rights and obligations of the parties. (*See* ECF 37 at 12); *see Burciaga* 871 F.3d at 385. The additional fact that FUMC asserts counterclaims against GuideOne in this

6

federal action makes it difficult to conclude the state-court order disposed of all issued involved and settled the entire controversy. (*See* ECF 11).

GuideOne also claims *Rooker-Feldman* is inapplicable because it was not a party to the state-court proceeding, which GuideOne characterizes as a "unilateral and *ex parte* state court proceeding." (ECF 37 at 14); *see JP Morgan Chase Bank, N.A. v. Dixon*, 541 F. App'x 423, 427 (5th Cir. 2013) ("The *Rooker–Feldman* doctrine does not apply, however, when the party against whom the doctrine is invoked was not a party to the underlying state court proceeding.") (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006)). Given that FUMC concedes that the state-court proceeding was *ex parte*, even assuming the state-court order is a "final judgment," *Rooker-Feldman* would not apply because GuideOne was not a party to the proceeding. (*See* ECF 33 at 7).

In support of its motion, FUMC cites two federal district court orders addressing state-court orders appointing umpires, but these orders are distinguishable. (*See* ECF 33-4, 33-5). Neither order discusses whether a declaratory judgment action in federal court that seeks to set aside an appraisal award and remove a state-court appointed umpire is a collateral attack on a state-court order. Further, FUMC cites these orders to support its conclusion that "*ex parte* relief is appropriate in umpire application situations." (*See* ECF 33 at 7). Whether *ex parte* relief is appropriate does not resolve the distinct issue of whether an order appointing umpire is a "final judgment" for purposes of the *Rooker-Feldman* analysis. FUMC also cites a memorandum opinion and order from this District analyzing whether the plaintiff's application for a temporary restraining order sought review and rejection of the state court's prior summary judgment in favor of the defendant. *See EMF Swiss Ave. LLC v. City of Dallas*, No. 3:17-CV-2995-L, 2017 WL 5192051 (N.D. Tex. Nov. 8, 2017). The facts in that case are also distinguishable. In *EMF Swiss*

*Ave.*, the parties did not dispute that the state court's summary judgment was a "final judgment," and the case does not deal with an insurance dispute or appraisal. *See id*. at *3–4.

The undersigned finds GuideOne has met its burden of proof to show subject matter jurisdiction exists and the *Rooker-Feldman* doctrine does not apply. Like its Motion to Dismiss under Rule 12(b)(1), FUMC's Motion to Dismiss under Rule 12(b)(6) is based on the *Rooker-Feldman* doctrine. Because the undersigned finds the doctrine inapplicable, FUMC's Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) pursuant to the *Rooker-Feldman* doctrine should be denied.

## IV. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that FUMC's Motion to Dismiss be DENIED.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 1, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).