IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GUIDEONE MUTUAL INSURANCE COMPANY | § § § |
| Plaintiff/Counter-Defendant | § § |
| v. | § § |
| FIRST UNITED METHODIST CHURCH OF HEREFORD | § § § |
| Defendant/Counter-Plaintiff | § CIVIL ACTION NO. 2:18-cv-00140-D § |

**GUIDEONE MUTUAL INSURANCE COMPANY'S MOTION TO RE-OPEN CASE PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MOTION FOR LEAVE TO FILE BRIEFING ON FIRST UNITED METHODIST CHURCH OF HEREFORD'S COUNTERCLAIMS**

COMES NOW, Plaintiff/Counter-Defendant GuideOne Mutual Insurance Company ("GuideOne") and, pursuant to Federal Rule of Civil Procedure 60(b), hereby requests relief from the Court's Judgment entered in this case (Doc. No. 73) such that the case be re-opened and an amended final judgment entered that clarifies the Court's intention to grant partial summary judgment on GuideOne's claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. GuideOne further requests leave to file briefing on the counterclaims of Defendant/Counter-Plaintiff First United Church of Hereford ("First United") rendered moot by the Court's prior judgment. The undersigned counsel for GuideOne has conferred with counsel for First United pursuant to Local Rule 7.1(a) regarding this motion and the relief sought therein. The motion is opposed. In support of its motion, GuideOne would show unto the Court as follows:

# I.
# **RELEVANT BACKGROUND**

1. GuideOne originally filed suit on July 27, 2018. *See* Doc. No. 1. First United timely filed an answer on October 5, 2018. *See* Doc. No. 7. On October 15, 2018, First United filed a complaint setting forth the following counterclaims against GuideOne and another defendant: vicarious liability; anticipatory breach of contract and breach of contract; breach of the duty of good faith and fair dealing; deceptive trade practices and unconscionable conduct; violations of the Texas Insurance Code; unfair insurance practices; negligent misrepresentation; fraud; civil conspiracy; a request for a declaration enforcing the Appraisal Award at issue in this case; and a request to compel mediation. *See* Doc. No. 11 at p. 14-25. GuideOne filed its answer to First United's counterclaims on November 30, 2018. *See* Doc. No. 21.

2. With permission from this Court, GuideOne subsequently amended its complaint on May 9, 2019. *See* Doc. No. 31. In that pleading, GuideOne's live complaint in this action, it sought: (1) a declaration that the Appraisal Award at issue in this case does not comply with the terms of the policy number 1432-879 (the "Policy"); (2) entry of an order striking the umpire who issued the Appraisal Award; (3) entry of an order setting aside the Appraisal Award; and (4) any other proper relief. *Id.* at p 8. First United filed an answer to GuideOne's Amended Complaint on May 30, 2019. *See* Doc. No. 34. Notably, the other defendant entities were subsequently dismissed, leaving only GuideOne and First United as parties to this suit. *See* Doc. No. 46.

3. The Parties filed cross-motions for summary judgment on GuideOne's claims. *See* Doc. Nos. 49 (First United's motion), 54 (GuideOne's motion). These motions were fully briefed to the Court. *See* Doc. Nos. 49, 52, 54, 56, 60, 65.

4. On April 1, 2020, the Court entered an Order granting GuideOne's motion for summary judgment and denying First United's motion for summary judgment. *See* Doc. No. 70.

In doing so, the Court (1) found "that the appraisal award issued in this matter does not substantially comply with the Policy's terms[,]" (2) struck the state court appointed umpire, and (3) set aside the Appraisal Award as void. *Id*. at p. 16.

5. First United moved for reconsideration of the above-referenced Order. *See* Doc. No. 71. The Court denied the reconsideration motion in an Order issued on April 29, 2020, specifically noting that "[j]udgments that are not final may be reconsidered by the district court pursuant to Federal Rule of Civil Procedure 54(b)." *See* Doc. No. 72 at p. 2 (citation omitted). A Judgment was subsequently issued. *See* Doc. No. 73.

6. First United then filed a Notice of Appeal. Doc. No. 74. Proceeding under the belief that the Judgment issued was ripe for appeal, the parties then proceeded to brief before the Fifth Circuit Court of Appeals. After briefing was completed but before oral argument was to take place, the Fifth Circuit issued an order dismissing First United's appeal for want of jurisdiction, noting that the Court's Judgment did not "resolv[e] First United's counterclaims against GuideOne or expressly order[] a partial summary judgment under Rule 54(b)." *See* **Exhibit A** (Unpublished Fifth Circuit Opinion) at p. 3.

7. Through the instant Motion, GuideOne hereby requests that the Court re-open this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure so that an amended judgment may be entered which reflects the Court's original intention to grant partial summary judgment to GuideOne under Rule 54(b), thus making that ruling ripe for appeal to the Fifth Circuit. Further, GuideOne contends that First United's counterclaims are rendered moot by the Court's judgment in Doc. No. 70. As such, GuideOne herein further requests leave of this Court so that it may file briefing regarding First United's moot counterclaims prior to the likely appeal of the Court's Order granting declaratory judgment in favor of GuideOne.

## II.
## ARGUMENT AND AUTHORITY

8. Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party … from a final judgment, order, or proceeding" for a number of reasons, including to address "mistake, inadvertence, surprise, or … any other reason that justifies relief." The rule "is to be construed liberally to do substantial justice." *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965) (citations omitted); *see also Williams v. Remington Arms Co.*, No. CIV.A.3:05-CV-1383D, 2008 WL 2467015, at *2 (N.D. Tex. June 19, 2008).

9. That the Court's Order and/or Judgment in this case did not specify that such was a partial summary judgment subject to Rule 54(b) was the result of "mistake" or "inadvertence" of the type contemplated under Rule 60(b). As noted above, evidence of same is found in the Court's Order denying First United's motion for reconsideration, which specifically invoked Rule 54(b) of the Federal Rules of Civil Procedure. *See* Doc. No. 72 at p. 2 (citation omitted). Accordingly, GuideOne herein requests that this cause be re-opened so that an amended Judgment may be issued that reflects the Court's original intent.

10. Further, First United's counterclaims in this action are based entirely upon the premise that the Appraisal Award issued by the state court appointed appraiser is valid. The Court's Order in Doc. No. 70 definitively found it is not. As such, GuideOne contends that, in light of the Court's prior Order granting GuideOne's motion for summary judgment, First United's counterclaims are moot. Accordingly, GuideOne seeks leave from the Court to file briefing on that issue provided the Court finds it appropriate to do so at this juncture.

## III.
## CONCLUSION AND PRAYER

WHEREFORE, Plaintiff/Counter-Defendant GuideOne Mutual Insurance Company respectfully requests the Court re-open this case pursuant to Federal Rule of Civil Procedure 60(b) so that an amended final judgment may be entered that clarifies the Court's intention to grant partial summary judgment on GuideOne's claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Additionally, GuideOne requests leave to file briefing on the counterclaims of Defendant/Counter-Plaintiff First United Church of Hereford rendered moot by the Court's prior judgment, and any other such relief as this Court may deem proper and just.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
301 Congress Avenue, Suite 1700
Austin, Texas  78701
Telephone: (512) 472-0288
Facsimile: (512) 472-9260

_____
R. Chad Geisler
State Bar No. 00793793
cgeisler@germer-austin.com
W. Paul Miller
State Bar No. 24068130
pmiller@germer-austin.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT GUIDEONE MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of this document was served on all counsel of record in this case by electronic mail on this the 25th day of March, 2021.

_____

## CERTIFICATE OF CONFERENCE

By my signature above, I hereby certify that I complied with the "meet and confer" requirement of Local Rule 7.1(a)-(b). I have sent emails to Defendant/Counter-Plaintiff's counsel regarding the issues raised in this motion and the relief sought therein, as well as other issues related to this matter, on multiple occasions. Those attempts at conferring included providing a draft of this motion for review on March 17, 2021. As of the date of the filing of this motion, no response has been received to any of these communications. Therefore, the motion is presumed to be opposed.